(Lucas County Common Pleas Court.)

Bertha Bretsh *v.* The City of Toledo.

*Injury by falling on sidewalk covered with ice and snow — Slope in sidewalk — Liability of city—Allegation of "dangerous defects" in petition mere conclusion.*

(Decided November 12, 1894.)

Pugsley, J.

This is a demurrer to the petition. The plaintiff was injured by falling upon a sidewalk on Nevada street, upon the 20th of February, 1894. This was some eight days after the great blizzard of February 12th. It is alleged in the petition that for a long time prior to to the 20th of February, 1894, the city carelessly allowed snow and ice to accumulate at a certain point upon the north side of Nevada street; that the sidewalk at that point sloped toward the adjoining lots; that the city carelessly allowed the snow and ice to accumulate on the side walk until, on account of the slope of the side walk, it presented an inclined surface toward the lots, which was uneven, slippery, and dangerous to pedestrians; all of which was known to the city, and might have been known by the exercise of ordinary care, and was unknown to the plaintiff. While walking upon this sidewalk the plaintiff slipped and fell, and received her injury. This is substantially a statement of the case as made in the petition. It does not appear from the petition that the sidewalk was out of repair or defective. The fact that there was a slope or incline in the walk does not constitute a defect. The walk may have been constructed in that manner, or the slope, for all that appears in the petition, may have been very slight;

and it does not appear from the facts stated in the petition that the accumulation of snow and ice upon the walk was so great as to constitute a nuisance or a material obstruction to ordinary travel upon the street, or that such an accumulation of snow or ice was not common to all parts of the city at the same time. The allegation of the petition that it was dangerous, is a mere conclusion of the pleader. The case which is presented, therefore, by the petition, is simply one where the plaintiff slipped and fell upon an icy sidewalk ; and it is well settled in this state, at least, that the city is not liable under such circumstances. I refer to *Chase* v. *Cleveland*, 44 Ohio St., 505, and *VanDyke* v. *Cincinnati*, 1 Disney 532.

The demurrer to the petition is therefore sustained.

*Enright & Dowling*, for plaintiff.

*C. F. Watts, City Solicitor*, for defendant.